UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan BAC Health Care Fund,
Trustees of; Michigan BAC Pension
Fund, Trustees of; Michigan BAC
Apprenticeship & Training Fund,
Trustees of; International Union of
Bricklayers and Allied Craftworkers,
Local 2, AFL-CIO; Bricklayers &
Trowel Trades International Pension
Fund, Trustees of; and International      Case No. 17-12260
Masonry Institute, Trustees of;

      Plaintiffs,

v.


Hartley Masonry, Inc.; Kari Lee Hartley;   Sean F. Cox
and Kari L Hartley d/b/a/ Hartley Masonry  United States District Court Judge
Services,

      Defendants.
_____/

## **MEMORANDUM ORDER REGARDING DAMAGES**

On December 12, 2018, the Court granted summary judgment on the issue of liability in favor of Plaintiffs and against the above-captioned Defendants. (ECF No. 62). The Court ordered supplemental briefing on the issue of damages. The parties filed supplemental briefs (ECF Nos. 67 and 68), and responses to their opponents' arguments. (ECF Nos. 71 and 72). The Court now deals with the issue of damages.

    **I.**    **Unpaid Contributions, Interest, and Audit Costs**

Based on the Court-ordered audit of Defendants' books, Plaintiffs argue that they are entitled

1

to $243,034.56 in unpaid fringe benefits contributions, interest, and audit costs. Defendants do not dispute the accuracy of the audit. Instead, they argue that the Court should confine its damages inquiry to unpaid fringe benefits related to commercial work because the parties never understood the Collective Bargaining Agreement ("CBA") to extend to residential work.

Defendants' argument contradicts the clear terms of the CBA, which states that "[t]his Agreement covers all construction work within the jurisdiction of the International Union." (ECF No. 71-2, PageID 2084). The CBA—which the Court has already determined binds Defendants—makes no distinction between residential and commercial work.

To be sure, Defendants point to evidence that Plaintiffs initiated this suit only after becoming aware that Defendants were performing commercial work. Plaintiffs, apparently, declined to enforce the CBA if Defendants performed only residential work. Further, Defendants' evidence indicates that Plaintiffs' primary concern during the course of this litigation might have been unpaid fringe benefits from commercial work. However, these considerations are parol evidence, and "parol evidence cannot be admitted if its effect will be to vary or contradict any matter that is specifically covered by the written terms of the contract." *Astor v. International Business Machines Corp.*, 7 F.3d 533, 540 (6th Cir. 1993).

The Court found that the Defendants were bound by the CBA. The Defendants now ask the Court to rewrite the CBA to cover only "commercial construction work" instead of "all construction work." But this rewrite would contradict a matter specifically covered by the CBA. Thus, the Court must conclude that there is no genuine issue of material fact as to the amounts of unpaid fringe benefits contributions, interest, and audit costs. Defendants are liable for $243,034.56, as determined by the audit.

**II.     Attorneys Fees**

Section 502(g)(2) of ERISA provides "[i]n any action under this subchapeter by a fiduciary for or on behalf of a plan to enforce section 1145[1] in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2). Thus, the award of attorney's fees in this case is mandatory. *See Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995).

The "lodestar" approach is the proper method for determining the amount of reasonable attorney's fees. *Id*. at 1401. In applying the lodestar approach, "[t]he most useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that this lodestar figure represents a reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward...." *Hensley*, 461 U.S. at 434.

The party seeking fees bears the burden of establishing entitlement to the amount claimed for the work performed based on billing records and rates charged:

> To justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). The fee applicant "should submit evidence supporting the hours worked

---

[1]Section 1145 requires employers to comply to the terms of CBAs. 29 U.S.C. §1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.")

and rates claimed. Where the documentation of hours is inadequate, the ... court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Perry v. AutoZone Stores, Inc.*, 624 Fed.Appx. 370, 372 (6th Cir. 2015).

Here, Plaintiffs request $85,142.25 in attorney fees and $5,086.73 in costs. Defendants do not challenge either of these figures.

Plaintiffs were represented primarily by attorney Lauren E. Crummel, who has nine years of experience. Crummell was supported by attorney Stuart M. Israel, who has 47 years of experience, and paralegals Dennis Flynn and Erica Kroll. For Crummel and Israel, Plaintiffs seek hourly rates in the range of $185 to $205. For Flynn and Kroll, Plaintiffs seek hourly rates in the range of $130 to $140 hours. Plaintiffs have provided the 2017 State Bar of Michigan *Economics of Law Practice Survey* (ECF No. 67-8) and records indicating that their counsel spent 483.9 hours on this case. (ECF Nos. 67-7 and 72-3).

The Court finds that the requested rates are reasonable given the attorneys' experience, expertise, and the prevailing market rate for the relevant legal community.[2] Further, the Court concludes that the rates requested for the paralegals are reasonable because Plaintiffs "sav[ed] money by having paralegals perform some of the work." *Ward v. G. Reynolds Sims & Associates, P.C.*, 2014 WL 4798935 at *2 (E.D. Mich. 2014).

Moreover, based on the Court's review of the hours billed by Plaintiffs' counsel, the Court concludes that 483.9 hours was a reasonable amount of time to devote to the prosecution of this case.

---

[2]Specifically, the Court finds the State Bar's *Survey* to be persuasive. Even if all attorney hours were billed at $205, that rate is below the 25th percentile for "Equity Partner/Shareholder"; slightly above the 25th percentile for lawyers of Crummel and Israel's experience, slightly above the 25th percentile for the relevant portion of Oakland County, and well below the 25th percentile for plaintiff-side employment lawyers.

4

Finally, the Court finds that the $5,086.73 in costs that Plaintiffs seek is reasonable. (ECF No. 67-7, PageID 1874; ECF No. 72-3, PageID 2248).

Thus, the Court will award attorney's fees and costs in the full amount sought by Plaintiffs

**CONCLUSION**

For these reasons, the Court concludes that there is no genuine issue of material fact as to the appropriate amount of damages and attorney's fees and costs. Defendants shall be liable for $243,034.56 in unpaid fringe benefits contributions, interest, and audit costs. Defendants shall also be liable for $90,228.98 in attorney's fees and costs. The Court shall enter a separate judgment to this effect.

IT IS SO ORDERED.

Dated: April 10, 2019                              s/ Sean F. Cox
                                               Sean F. Cox
                                               U. S. District Judge